**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NUMBERS PGIARK03313-00, PGIARK03313-01 AND PGIXS00115-00,<br><br>PLAINTIFF,<br><br>vs.<br><br>WATER MANAGEMENT CONSULTANTS & TESTING, INC., SUMMIT CONTRACTING GROUP, INC., AND THE CHANNEL, LLC,,<br><br>DEFENDANTS. | C.A. NO. 2:21-cv-01353-DCN |

**COMPLAINT FOR DECLARATORY RELIEF**

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, subscribing to Policy Numbers PGIARK03313-00, PGIARK03313-01, and PGIXS00115-0 ("Underwriters") file suit against WATER MANAGEMENT CONSULTANTS & TESTING, INC. ("WMCT"), SUMMIT CONTRACTING GROUP, INC. ("Summit Contracting") and THE CHANNEL, LLC ("Channel"), and in support allege:

**NATURE OF THE ACTION**

1. This is an action for declaratory relief under 28 U.S.C. § 2201 over whether there is coverage for faulty water management testing and consulting at a residential development under insurance policies with a Testing or Consulting Exclusion in the CGL Coverage Forms. As a matter of law, Underwriters submit they owe no coverage.

## JURISDICTION AND VENUE

2. Jurisdiction exists under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000 exclusive of attorney's fees, interests, and costs.

3. Venue is proper in this district because "a substantial part of the events or omissions giving rise to the claim" occurred in this district, the underlying lawsuit is pending in this district, and the development is in this district. *See* 28 U.S.C. § 1391(b)(2).

4. All conditions precedent occurred, were performed, or were waived.

## THE PARTIES

5. Underwriters are an unincorporated association comprised of these syndicates:

    a. Syndicate 4020, which is managed by Ark Syndicate Management Ltd. ("Ark"). Ark has two subscribing members: Ark Corporate Member Limited and SCOR Underwriting Limited. Both members are citizens of the United Kingdom;

    b. Syndicate 1458, which is managed by RenaissanceRe Syndicate Management Ltd. ("RenRe"). RenRe has one subscribing member: RenaissanceRe Corporate Capital (UK) ("RenRe Capital"). RenRe Capital is incorporated in the United Kingdom with its principal place of business in London, England.

Underwriters are surplus lines insurers that issued three insurance policies to WMCT.

6. WMCT was a Florida corporation with its principal place of business in Destin, Florida. WMCT was named as a defendant in an underlying lawsuit over allegedly providing faulty water management testing and consultation services.

7. Summit Contracting is a Florida Corporation with its principal place of business in Jacksonville, Florida. Summit Contracting was named as a defendant in the underlying lawsuit and filed a crossclaim against WMCT.

8. Channel is a South Carolina limited liability company. Its members are domiciled in South Carolina. Channel filed the underlying lawsuit against WMCT.

## THE UNDERLYING LAWSUIT

9. The Channel at Bowen is a development in Berkeley County, South Carolina owned by Channel, which was substantially completed in 2012. (Copies of the certificates of occupancy are attached as Exhibit "A.")

10. Summit Contracting was the general contractor of the development, and WMCT was the water management testing and consulting contractor. (A copy of the contract is attached as Exhibit "B.")

11. Channel filed suit against various defendants, including WMCT and Summit Contracting, in circuit court in Berkeley County, South Carolina, bearing Case Number 2018-CP-08-02311. (A copy of the operative complaint is attached as Exhibit "C.")

12. Channel alleges it "recently became aware of construction defects and deficiencies [at the development] that include, but are not limited to, deficiencies associated with the installation of the framing and rough carpentry, windows, exterior siding, roof materials, HVAC system and related materials, waterproofing materials, improper termite treatment, and other construction defects." (Compl. ¶12.)

13. According to Channel, WMCT was negligent by:

  a. Failing to use due care in the inspection and observation of the construction and installation of the building components …

  b. Failing to properly inspect the buildings' exterior envelopes …

  c. Allowing the water management system to be constructed in violation of the applicable building codes …

       d.      Allowing the water management system and exterior envelopes to be constructed in a manner that allowed water to intrude into the interiors …

       e.      Failing to act as a reasonable water management consultant would under similar circumstances. (¶23.)

14.    As causes of action, Channel asserted claims for negligence, breach of warranty, and unfair trade practices against WMCT and Summit Contracting. (¶¶26-46.)

## THE CONTRACTORS' CROSSCLAIMS

15.    Summit Contracting filed a crossclaim against WMCT. (A copy of the operative crossclaim is attached as Exhibit "D.")

16.    Summit Contracting alleges it contracted with WMCT, among others, to provide work and materials for the development. (¶106.)

17.    The contract between Summit Contracting and WMCT provides in pertinent:

**AGREEMENT**

In consideration of the terms, conditions and compensation set forth below, the parties agree as follows:

**Onsite Inspections, and Documentation**

- The onsite inspection service shall consist of inspections as requested by SCG.
- WMC&T Inspectors will complete field inspection reports upon each visit, and our office staff will distribute email copies to all pertinent parties (as provided by SCG on WMC&T Contact List Form).
- WMC&T Consultants and/or Field Inspectors will attend special meetings as directed by SCG at rate stated below.
- WMC&T will assemble a binder incorporating all field inspection reports. The field inspection report includes picture and text documentation of compliance by contractor of waterproofing/exterior envelope recommendations by Architect, Manufacturer of products submitted and approved by Architect for use on the project and industry standard.
- WMC&T will notify SCG should misapplications be found during field inspections. 
- WMC&T's sole responsibility is to act as an independent third-party consulting and inspection service firm. Through its best efforts, WMC&T will conduct product and/or system inspections as directed by SCG. However, WMC&T is to be held harmless for the installation of any products and/or systems that are non-compliant per the manufacturer's written instructions.
- WMC&T will invoice SCG One Thousand Five Hundred Dollars ($1500) per inspection.
- Expenses will be billed at cost.

(*See* Exhibit "B.")

18.     In addition to asserting a breach of contract claim, Summit Contracting asserted claims for negligence, breach of warranty, equitable indemnification, and contribution against WMCT. (¶¶97-113.)

## THE UNDERWRITERS POLICIES

19.     Underwriters issued a new policy of insurance, consisting of commercial general liability coverage, contractors pollution liability coverage, and professional liability coverage to WMCT as the Named Insured, bearing Policy Number PGIARK03313-00, and effective from 10/25/2013 to 10/25/2014. (A copy of the policy is attached as Exhibit "E.")

20.     The policy was renewed by Policy Number PGIARK03313-01, effective from 11/24/2014 to 11/24/2015. (A copy of the policy is attached as Exhibit "F.")

21.     Underwriters issued an excess insurance policy to WMCT as the Named Insured, bearing Policy Number PGIXS00115-00, and effective from 11/04/2013 to 10/25/2014. (A copy of the policy is attached as Exhibit "G.")

## COUNT I – NO COVERAGE UNDER THE TESTING OR CONSULTING EXCLUSION

22.     Underwriters incorporate Paragraphs 1 through 21.

23.     The General Liability coverage forms include the following endorsement:

### EXCLUSION – TESTING OR CONSULTING ERRORS AND OMISSIONS

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

1. An error, omission, defect or deficiency in:

    a. Any test performed; or

    b. An evaluation, a consultation or advice given, by or on behalf of any insured;

2. The reporting of or reliance upon any such test, evaluation, consultation or advice; or

3. An error, omission, defect or deficiency in experimental data or the insured's interpretation of that data.

(*See* Form CG 22 33 07 98, Pg. 1/1.)

24. WMCT was retained by Summit Contracting exclusively to perform water management testing and consulting at the development.

25. There is no coverage under the Underwriters General Liability coverage forms.

### COUNT II – NO COVERAGE UNDER THE EXTERIOR INSULATION AND FINISHES SYSTEMS EXCLUSION

26. Underwriters incorporate Paragraphs 1 through 21.

27. The general liability coverage forms include the following endorsement:

## EXCLUSION - EXTERIOR INSULATION AND FINISH SYSTEMS

A. This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of, caused by, or attributable to, whether in whole or in part, the following:

1. The design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement, of any "exterior insulation and finish system" or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking or sealants in connection with such a system; or

2. "Your product" or "your work" with respect to any exterior component, fixture or feature of any structure if an "exterior insulation and finish system", or any substantially similar system, is used on the part of that structure containing that component, fixture or feature…

(*See* Form CG 21 86 12 04, Pg. 1/1.)

28. To the extent WMCT was involved with the exterior envelopes at the development, there is no coverage under the Underwriters General Liability coverage forms.

### COUNT III – NO COVERAGE UNDER VARIOUS POLICY PROVISIONS AND EXCLUSIONS

29. Underwriters incorporate Paragraphs 1 through 21.

30. Under the Insuring Agreement of the General Liability coverage forms, there is only coverage for "property damage" caused by an "occurrence" during the "policy period." (*See* Form CG 00 01 12 07, Pg. 1/16.)

31. Under the Insuring Agreement of the General Liability coverage forms, there is no coverage for "property damage" if, prior to the policy period, an employee authorized by the insured to give or receive notice of an occurrence knew the "property damage" had occurred. (*See* Form CG 00 01 12 07, Pg. 1/16.)

32. Exclusion k. Damage to Your Product bars coverage to the extent any product provided by the insured was damaged or caused damage to other property. (*See* Form CG 00 01 12 07, Pg. 5/16.)

33. Exclusion l. Damage to Your Work bars coverage for any property damage arising out of any part of the insured's work and included in the products-completed operations hazard. (*See* Form CG 00 01 12 07, Pg. 5/16.)

34. The Prior Injury or Damage exclusion bars coverage to the extent any property damage began or took place prior to the inception of the Underwriters policy. (*See* Form PGI EL 045 1112, Pg. 1/1.)

35. To the extent these provisions and exclusions apply, there is no coverage under the Underwriters general liability coverage forms.

## COUNT IV – OTHER INSURANCE

36. Underwriters incorporate Paragraphs 1 through 21.

37. Under condition 4, if other valid and collectible insurance is available to WMCT, Undewriters's obligations are limited to providing excess coverage, or alternatively, to contribute on a pro-rata basis. (*See* Form CG 00 01 12 07, Pg. 11/16.)

38. To the extent other valid and collectible insurance is available to WMCT, including from other subcontractors or sub-tier subcontractors, any coverage that is available under the Underwriters General Liability coverage forms is excess or otherwise applies on a pro-rata basis.

## COUNT V – NO COVERAGE UNDER THE CONTRACTORS POLLUTION LIABILITY COVERAGE FORMS

39. Underwriters incorporate Paragraphs 1 through 26.

40. Coverage under the contractors Pollution Liability coverage forms is available only if the "property damage" occurs during the "policy period" and arises out of a "pollution event." (*See* Form PGI EL 004 0210, Pg. 1/11.).

41. The underlying pleadings do not allege the property damage at the development arises out of a pollution event.

42. There is no coverage under the contractors Pollution Liability coverage forms.

## COUNT VI – NO COVERAGE UNDER THE PROFESSIONAL LIABILITY COVERAGE FORMS

43. Underwriters incorporate Paragraphs 1 through 21.

44. Coverage under the Professional Liability coverage forms is available only if the "claim" was first made and reported to Underwriters during the "policy period." (*See* Form PGI EL 005 210, Pg. 1/11.)

45. The last Professional Liability policy Underwriters issued to WMCT expired on 11/24/2015.

46. The claim against WMCT was first made on 11/19/2018, the date Channel's initial complaint was filed.

47. There is no coverage under the Professional Liability coverage forms.

## COUNT VII – NO COVERAGE UNDER THE EXCESS LIABILITY POLICY

48. Underwriters incorporate Paragraphs 1 through 21.

49. Coverage is available under the excess liability policy only if coverage is available under the "Followed Policy(ies)." (*See* Form PGI XS 002 05 11, Pg. 1/5.)

50. There is no coverage under the Followed Policies.

51. Accordingly, there is no coverage under the excess liability policy.

## RELIEF REQUESTED

Underwriters respectfully request that this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Underwriters policy.

b. Declare the following:

CGL Coverage Forms

 i. WMCT is not entitled to coverage because the Testing or Consulting Errors and Omissions exclusion applies;

 ii. WMCT is not entitled to coverage because the Exterior Insulation and Finish Systems exclusion applies;

 iii. WMCT is not entitled to coverage because the Insuring Agreement of the General Liability coverage forms has not been triggered;

 iv. WMCT is not entitled to coverage to the extent the Damage to Your Product exclusion applies;

 v. WMCT is not entitled to coverage to the extent the Damage to Your Work exclusion applies;

      vi.    WMCT is not entitled to coverage to the extent the Prior Injury or Damage exclusion applies;

<u>Pollution Liability Coverage Forms</u>

     vii.    WMCT is not entitled to coverage under the pollution liability coverage forms because the alleged property damage was not caused by a pollution event;

<u>Professional Liability Coverage Forms</u>

    viii.    WMCT is not entitled to coverage under the professional liability coverage forms because the claim was first made after the last policy by Underwriters expired; and

     ix.    WMCT is not entitled to coverage under the excess liability policy because there is no coverage under the Followed Policies.

<u>All Coverage Forms</u>

      x.    To the extent other valid and collectible insurance is available to WMCT, any coverage under the Underwriters coverage forms is excess, or alternatively, applies only on a pro-rate basis.

<u>Excess Liability Policy</u>

     xi.    WMCT is not entitled to coverage under the excess liability policy because there is no coverage under the Followed Policies.

c.    Award Underwriters all costs incurred to prosecute this action, as well as any other relief this Court deems equitable, just, and proper.

    Respectfully submitted,

    CLEMENT RIVERS, LLP

    By: <u>s/*Stephen L. Brown*</u>
    Stephen L. Brown  Fed. I.D. No. 6428
    Stephen A. Griffith, Jr., Fed. I.D. No. 13456
    P.O. Box 993, Charleston, SC  29402
    Telephone: (843) 720-5488
    E-mail:  sbrown@ycrlaw.com; sgriffith@ycrlaw.com
    *Attorneys for Certain Underwriters at Lloyd's London*

Charleston, South Carolina
Dated:  May 5, 2021