# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, *subscribing to policy numbers* PGIARK03313-00, PGIARK03313-01, and PGIXS00115-00,<br><br>    Plaintiffs,<br><br>vs.<br><br>WATER MANAGEMENT CONSULTANTS & TESTING, INC.; SUMMIT CONTRACTING GROUP, INC.; and THE CHANNEL, LLC,<br><br>    Defendants. | No. 2:21-cv-01353-DCN<br><br>**ORDER** |

This matter is before the court on plaintiff Certain Underwriters at Lloyd's London's ("Underwriters") motion for default judgment, ECF No. 50. For the reasons set forth below, the court grants the motion.

## I.   BACKGROUND

This insurance action arises out of a coverage dispute between Underwriters and their insured, defendant Water Management Testing & Consulting, Inc. ("WMT&C"). Co-defendant The Channel, LLC ("The Channel") is a contingent interested party.

The Channel is a South Carolina limited liability company that owns the apartment community known as "The Channel at Bowen" in Hanahan, South Carolina. The Channel contracted with defendant Summit Contracting Group, Inc. ("Summit Contracting," together with WMT&C and The Channel, "defendants") to construct the apartment homes. Summit Contracting then brought in WMT&C as an exterior envelope

1

consultant to provide onsite inspection and documentation. ECF No. 1-3 ¶ 8. Following Summit Contracting's work, The Channel allegedly discovered defects and deficiencies with the installation of the framing and rough carpentry, windows, exterior sliding, roof materials, HVAC system and related materials, waterproofing materials, improper termite treatment, and other construction defects. Id. ¶ 4. On November 17, 2020, The Channel filed a construction defect lawsuit against Summit Constructing, WMT&C, and several other defendants in the Berkeley County Court of Common Pleas, asserting claims for negligence, breach of warranty, and unfair trade practices (the "Underlying Action"). See generally id.

At the time, WMT&C maintained insurance policies with Underwriters. Underwriters issued two primary policies: (1) Policy No. PGIARK03313-00, with a policy period from October 25, 2013 to October 25, 2014, and (2) Policy No. PGIARK03313-01, with a policy period from October 25, 2014 to October 25, 2015. Underwriters also issued an excess policy to WMT&C, Policy No. PGIXS00115-00 for the policy period November 4, 2013 to October 25, 2014 (collectively, the "Policies"). The Policies provided general commercial liability coverage, contractors pollution liability, and professional liability coverage. E.g., ECF No. 1-5 at 3, 33, 44. The Policies' general commercial liability coverage included an exclusion for "testing and consulting errors and omissions." Id. at 32.

On May 5, 2021, Underwriters filed this action against WMT&C, Summit Contracting, and The Channel, seeking a declaratory judgment that Underwriters provide no coverage to WMT&C for the Underlying Action, and that, accordingly, they owe nothing to the other claimants. ECF No. 1, Compl. Underwriters served the summons

and complaint upon all defendants on June 11, 2021. ECF No. 4. The Channel filed an answer on July 2, 2021.[1] ECF No. 5. Both WMT&C and Summit Contracting failed to respond or otherwise make an appearance. Underwriters attempted to serve WMT&C again, and on October 28, 2021, an authorized agent accepted service on WMC&T's behalf. ECF No. 41. To date, WMC&T still has not made an appearance. Accordingly, on May 6, 2022, Underwriters requested an entry of default, ECF No. 47, which the clerk entered the same day, ECF No. 48. On May 16, 2022, Underwriters filed the instant motion for default judgment. ECF No. 50.

## II.   DISCUSSION

After the clerk enters a defendant's default, and when the plaintiff's claim is not for a sum certain, the plaintiff must file a motion with the court to obtain default judgment. Fed. R. Civ. P. 55. "When a 'motion for default judgment is unopposed, the court must exercise sound judicial discretion to determine whether default judgement should be entered.'" Harris v. Blue Ridge Health Servs., Inc., 388 F. Supp. 3d 633, 637 (M.D.N.C. 2019) (quoting United States v. Williams, 2017 WL 3700901, at *1 (M.D.N.C. Aug. 25, 2017)). In doing so, "the court accepts a plaintiff's well-pleaded factual allegations as true." Broxton v. Blue Ridge in Fields, 2019 WL 3315245, at *2 (D.S.C. July 24, 2019) (citing DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n.2 (4th Cir. 2008)). However, "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001). As such, the court need not accept the plaintiff's legal

---

[1] Underwriters reached a preliminary settlement with The Channel in both this action and the Underlying Action, see ECF No. 42, and the settlement is in the process of being finalized.

conclusions and must determine whether the plaintiff's allegations support the relief sought. Id. "The party moving for default judgment must still show that the defaulted party was properly served and that the unchallenged factual allegations constitute a legitimate cause of action." Harris, 388 F. Supp. 3d at 637–38 (internal quotation marks and citations omitted). If the court determines that service was proper and that the allegations entitle the plaintiff to relief, then it must then determine the appropriate amount of damages. Id.

After review, the court finds that default judgment is warranted here. Underwriters have presented evidence that both WMT&C and Summit Contracting were properly served with a summons and complaint in this action. See ECF Nos. 4, 41. Despite proper service, WMT&C and Summit Contracting have failed to respond to the complaint or otherwise make an appearance in this case within the time permitted by the federal rules. Taking the complaint's unchallenged factual allegations as true, Underwriters are entitled to the declaratory judgment they seek. Based on the complaint's unchallenged facts, the Policies contained exclusions for testing or consulting errors and omissions, and again, Summit Contracting brought in WMT&C to provide onsite inspection and documentation for the allegedly defective and deficient site. As such, WMT&C's work for The Channel reasonably fell within that exclusion. Since Underwriters had no duty to defend, they necessarily have no duty to indemnify. See Am. S. Ins. Co. v. Moras Roofing, LLC, 2010 WL 2710588, at *3 (D.S.C. July 7, 2010) ("If [the p]laintiff has no duty to defend . . . it will know it does not have a duty to indemnify."). As such, the court grants the motion for default judgment on Underwriters' declaratory judgment claims against WMT&C and Summit Contracting and declares as a

matter of law that the Policies do not extend coverage to WMT&C for any potential liability it may incur in the Underlying Action.

### III. CONCLUSION

For the foregoing reasons, the court **GRANTS** the motion for default judgment.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**October 28, 2022
Charleston, South Carolina**

5